United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INDIANA M BASTAIN,

    Plaintiff,

    v.

FCA US LLC,

    Defendant.

Case No. 24-cv-06777-AMO

**PRETRIAL ORDER**

Having received no summary judgment motion by the April 21, 2026 deadline, the Court **SETS** the following deadlines in this matter.[1]

**I.    TRIAL DATE**

A.    Jury trial remains set for **December 1, 2026, at 8:30 a.m.,** in Courtroom 10, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, California.

B.    The Court expects the length of the trial to not exceed **3** court days, including jury selection.[2]

**II.    PRETRIAL CONFERENCE**

A.    A final pretrial conference is re-set for **November 4, 2026, at 11:00 a.m.,** in Courtroom 10, 19th Floor.  Lead trial counsel for each party shall attend.

B.    By no later than **September 28, 2026,** the parties shall do the following:

---

[1] At trial, should it become apparent that the case could have been narrowed through summary judgment motions, the responsible party may be subject to sanctions.

[2] The Court previously set the matter for a four-day trial commencing December 1, 2026, Dkt. No. 30, but three days should be more than sufficient given the nature of the case.

United States District Court
Northern District of California

1.      In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer by phone or in person, and then prepare and file a jointly signed Proposed Final Pretrial Order[3] that contains:  (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (e) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition), including, for all such witnesses (other than party plaintiffs or defendants), a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer.  For each witness, state an hour/minute time estimate for the direct examination (only).  Items (d) and (e) should be submitted as appendices to the proposed order.  The proposed order should also state which issues, if any, are for the Court to decide, rather than the jury.  The objective is to convert the proposed order to a final order with the benefit of any discussion at the Final Pretrial Conference.[4]

2.      File a joint set of proposed instructions on substantive issues of law arranged in a logical sequence.  If undisputed, an instruction shall be identified as "Stipulated Instruction No. _____ Re _____," with the blanks filled in as appropriate.  If disputed, each version of the instruction shall be inserted together, back to back, in their logical place in the overall sequence.  Each such disputed instruction shall be identified as, for example, "Disputed Instruction No. _____ Re _____ Offered by _____," with the blanks filled in as appropriate.  All disputed versions of the same basic instruction shall bear the same number.  Any modifications to a form instruction must be plainly identified.  If a party does not have a

---

[3] All briefs, filings, and other submissions to the Court shall comply with the formatting requirements set forth in the Civil Local Rules.

[4] Exhibits and witnesses not included in the proposed Joint Pretrial Order pursuant to Paragraph II.B above may not be used in a party's case-in-chief fied may not be used during cross examination of the other side's case-in-chief (other than for impeachment).  Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.  Objections to exhibits not raised pursuant to Paragraph II.B are waived.

counter version and simply contends that no such instruction in any version should be given, then that party should so state (and explain why) on a separate page inserted in lieu of an alternate version. With respect to form preliminary instructions, general instructions, or concluding instructions, please simply cite to the numbers of the requested instructions in the current edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.

3.    File a separate memorandum of law in support of each party's disputed instructions, if any, organized by instruction number.

4.    File a joint set of proposed voir dire questions supplemented as necessary by separate requests. The Court may select questions from this submission to pose to the venire during jury selection. These questions are distinct from those the parties propose be added to the jury questionnaire. *See* Section VI.

5.    File trial briefs on any controlling issues of law.

6.    File proposed verdict forms, joint or separate.

7.    File and serve any objections to exhibits.

8.    File a joint simplified Statement of the Case to be read to the jury during voir dire as part of the proposed jury instructions. Unless the case is extremely complex, this statement should not exceed one page.

9.    File a joint statement listing the people involved in the case. This list will be shown to prospective jurors during jury selection. The list should include counsel, the parties, the potential witnesses, and any other people significantly involved in the case.

C.    Any motions in limine shall be submitted as follows. By **September 28, 2026**, the moving party shall serve, but not file, the opening brief. By **October 5, 2026**, the responding party shall serve the opposition. There will be no reply. When the oppositions are received, the moving party should collate the motion and the opposition together, back-to-back, and then file the paired sets by **noon on October 6, 2026**. Each motion should be presented in a separate memorandum and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to

United States District Court
Northern District of California

3

Exclude . . . ." Each side is limited to bringing five motions in limine. Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side.

D. Two paper courtesy copies of the above documents shall be delivered by NOON the day after filing. The Joint Proposed Final Pretrial Order, jury instructions, and verdict form shall also be submitted via e-mail as separate attachments to AMOpo@cand.uscourts.gov. The Court requests that all hard-copy submissions be three-hole-punched, double-sided, and in a binder with tabs indicating the name of the document and corresponding docket number.

## III. DEPOSITION AND DISCOVERY DESIGNATIONS

Unless otherwise ordered, by no later than **November 17, 2026,** the parties shall jointly file all designations of deposition testimony or other discovery it wishes to offer, as well as any counter-designations or objections to the deposition testimony or discovery offered by any other party. There is no need to lodge deposition transcripts before trial. The lawyers should simply be prepared to hand to the Court a copy of a witness's deposition testimony once it is time to cross-examine them.

## IV. PRETRIAL ARRANGEMENTS

A. Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Melinda Lock, Supervisor of the Court Reporting Services, at (415) 522-3149, at least ten (10) calendar days prior to the trial date.

B. During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may work with the deputy clerk, Alexis Solorzano-Rodriguez, at 415-522-2030, on all courtroom-layout issues, which should be finalized at least ten (10) calendar days prior to the trial date.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

C.    By no later than **November 17, 2026**, the parties must provide the Court Reporter a jointly-created list of names and places as well as any uncommon terms or acronyms that are likely to come up during the trial.

## V.    SCHEDULING

Trial will be conducted from 8:30 a.m. to 1:00 p.m., depending on the availability of witnesses and jurors, Tuesday – Friday, with two 10-minute breaks each day.  The Court will be dark on Mondays to accommodate its criminal calendar.  Counsel must arrive by 8:15 a.m., or earlier as needed, for any matters to be heard out of the presence of the jury.  The jury will be called at 8:30 a.m.

## VI.    THE JURY

The Jury Office asks prospective jurors to complete an online jury questionnaire in advance of their summons date.  The standard questionnaire is available on the Northern District's website at http://www.cand.uscourts.gov/wp-content/uploads/attorneys/Internet-version_Standard-CAND-Trial_SurveyMonkey_3-2022.pdf.  The parties are allowed to propose 10 case specific questions to add to the questionnaire.  The parties shall meet and confer, and to the extent possible, file a joint list of proposed questions to add to the questionnaire.  To the extent that the parties cannot agree, they may file separate proposed questions from which the Court will choose an appropriate number.  The parties' joint or separate submissions should be filed by **October 6, 2026**, with a Word version of the filed version emailed to AMOpo@cand.uscourts.gov.  The parties need not include a question that asks prospective jurors whether they know any of the individuals involved in the case.  The prospective jurors will be given an "Involved Individuals" list when they are called in.  The Court will provide the parties with the survey responses the Friday before trial.

In civil cases, there are no alternate jurors and the jury is selected as follows:  Eighteen to twenty jurors are called to fill the jury box and the row in front of the bar, and are given numbers (1 through 20).  The remaining potential jurors will be seated in the public benches.  Hardship excuses will usually be considered at this point.  Counsel may conduct a limited voir dire.  Challenges for cause will then be addressed out of the presence of the potential jurors.  The Court

will consider whether to fill in the seats of the stricken jurors. If so, questions will be asked of the additional jurors and cause motions as to them will be considered. After a short recess, each side may exercise its allotment of peremptory challenges out of the presence of the potential jurors. The eight (or such other size as will constitute the jury) surviving the challenge process with the lowest numbers become the final jury. If more (or fewer) than eight jurors are to be seated, then the starting number will be adjusted. The starting number will also be adjusted if the Court allows more than a total of six peremptories. Once the jury selection is completed, the jurors' names will be read again and they will be seated in the jury box and sworn. The Court may alter this procedure in its discretion and after consultation with the parties.

**VII.    WITNESSES**

At the close of each trial day, all counsel shall exchange a list of witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). The first notice shall be exchanged prior to the first day of trial. All such notices shall be provided in writing and lodged with the Court.

The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting. If counsel plans to read in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to read into the record.

The parties are encouraged to stipulate where possible, for example, as to the exclusion of witnesses from the courtroom.

**VIII.    EXHIBITS**

A.    Prior to the Final Pretrial Conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

B.    Use numbers only, not letters, for exhibits, preferably the same numbers as were

United States District Court
Northern District of California

used in depositions.  Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.).  A single exhibit should be marked only once.  If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number.  Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers.  To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

The exhibit tag shall be in the following form:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**TRIAL EXHIBIT 100**

Case No. _____

Date Entered _____

By_____
          Deputy Clerk

Counsel preferably will make the tag up in a color that will stand out (yet still allow for photocopying), but that is not essential.  Place the tag on or near the lower right-hand corner or, if a photograph, on the back.  Counsel should fill in the tag but leave the last two spaces blank.  The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal.  Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders.  Spine labels should indicate the numbers of the exhibits that are in the binders.  Each set of exhibit binders should be marked as "Original."  At trial, the parties shall provide individual witness exhibit binders which contain all the exhibits the parties expect to use with the witness.  The parties shall provide two copies of each witness binder:  one for the witness and one for the Court.

D.    Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon.  If there are any differences, counsel should bring them promptly to the Court's attention.

7

E.    Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order.

F.    Exhibit notebooks for the jury will not be permitted without prior permission from the Court.  Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances.  It is permissible to highlight, circle or underscore in the enlargements as long as it is clear that it was not on the original.

## IX.    OBJECTIONS

In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

## X.    CHARGING CONFERENCE

As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried.  Prior to the close of the evidence, the Court will provide a draft final charge to the parties.  After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions.  Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial.  If, however, a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference, in order to give the Court a fair opportunity to correct any error.  Otherwise, as stated, the request will be deemed abandoned or waived.

## XI.    TIME LIMITS

In certain cases, the Court will set fixed time limits at the final pretrial conference.  All of your examination time (whether direct, cross, re-direct or re-cross) for all witnesses and side bar conference time must fit within your time limit and you may allocate it as you wish.  Opening and closing time limits shall be considered separately.

## XII.    NON-COMPLIANCE WITH PRETRIAL ORDER

The parties are on notice that failure to comply with the requirements set forth in this order may result in sanctions, whether in the form of monetary sanctions, involuntary dismissal, or other appropriate order.  While the parties may seek modest extensions of the deadlines set forth in this

United States District Court
Northern District of California

order, any request for an extension (whether by stipulation or administrative motion) must be filed at least seven days in advance of the deadline sought to be extended.  Extensions that affect any dates on the Court's calendar are unlikely to be granted.

**IT IS SO ORDERED.**

Dated: April 30, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**